# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>EUGENE ESPOSITO,<br><br>                              Defendant. | Case No. 87-cr-0395-BAS<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO REDUCE TERM AND MODIFY CONDITIONS OF SUPERVISED RELEASE**<br><br>**[ECF No. 18]** |

Previously, the Court granted Defendant Eugene Esposito's request to terminate his parole and convert it to supervised release under 18 U.S.C. § 3583. (ECF No. 17.) Mr. Esposito now returns to the Court with a request to reduce his term of supervised release under 18 U.S.C. § 3583(e)(1) from a lifetime term to a five-year term and to allow him to travel internationally without the prior approval of U.S. Probation. (ECF No. 18.) The Government opposes the request. (ECF No. 20.) For the following reasons, the Court **GRANTS IN PART** the motion.

//

//

//

## I.     BACKGROUND

In the late 1980s, Mr. Esposito pled guilty to drug charges in two related cases. In each case, he was sentenced to twenty-five years of imprisonment and a lifetime term of supervised release. The Court later reduced his concurrent sentences to fifteen years of imprisonment.

In 1990, Mr. Esposito escaped from prison in Lompoc, CA. Over twenty years later—in April 2012—the Government arrested Mr. Esposito and returned him to Lompoc to complete his sentence. After spending several years in custody, Mr. Esposito transitioned to a halfway house in November 2016, and on August 20, 2017, he was released from the halfway house. Mr. Esposito has since completed approximately thirty-five months of supervised release.[1]

Mr. Esposito now petitions the Court to reduce his lifetime term of supervised release to five years. He also requests the Court change his conditions of supervised release to allow him to travel internationally without the prior approval of Probation.[2]

In support of his request, Mr. Esposito submits that he is now 71 years old and a "highly educated and motivated" person "with, what he hopes, are many more years to live." (Mot. 2:24–25.) Mr. Esposito paints a picture of a productive life between his stints in custody. He provides various letters, articles, and awards to support his account. These materials illustrate a person who has been deeply involved with his community and family. As one example, Mr. Esposito spearheaded an effort to repair approximately 150 homes damaged by the 2006 earthquake in Hawi, Hawaii, as part of his volunteer work for the North Kohala Community Resource Center. (*Id.* 5:25–7:3 (quoting letters).) As another example, Mr. Esposito volunteered each week for three years for a suicide prevention hotline. (*Id.* 5:19–24, Ex. D.)

---

[1] Although Mr. Esposito was sentenced to supervised release—not "parole"—in both criminal cases, he was placed on parole after being released from custody. In 2019, the Court granted his request to terminate his parole and place him on supervised release. (ECF No. 17.)

[2] The Court's Standard Conditions of Supervision include a condition that "[t]he defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer."

Upon being returned to prison, Mr. Esposito was a model inmate. He had no disciplinary history, volunteered as a "Mental Health Companion," taught the institution's "Resume and Mock Job Interview" course for three years, and helped prepare inmates for reentry. (Mot. 10:20–11:1; *see also* Ex. M.) The Lompoc Reentry Affairs Coordinator writes that Mr. Esposito was "an outstanding asset to the Reentry Program" and "a role model for other inmates at FCC-Low, Lompoc, CA." (*Id.* Ex. L.)

After exiting the halfway house in 2017, Mr. Esposito received a master's degree in "Poverty Reduction: Policy and Practice" from the University of London. (Mot. 3:7–11.) "His dissertation was based upon his volunteer work over two years at the Berkeley food pantry, during which he conducted over 170 face-to-face interviews. His degree is part of his school's International Development curriculum that qualifies him to do research and work in poverty-stricken areas around the world." (*Id.* 11–17.) "Mr. Esposito also continues to do volunteer work and pursue various writing projects." (*Id.* 11:18–19.) And because he "maintains a productive and law-abiding life," he requests the Court modify his term of supervised release to be five years instead of a lifetime. (*Id.* 18:14–24.) He also seeks relief from the travel condition to allow him to "pursue emergency relief work and visit his properties in Guatemala or Thailand." (*Id.* 3:23–28; *see also id.* 18:18–21.)

In rebuttal, the Government argues that "it does not see any compelling, specific needs for a modification articulated in Defendant's motion, beyond his general (and understandable) desire to be free of the constraints that supervised release imposes upon him." (Opp'n 2:13–15.) Rather, "[g]iven that Defendant escaped from custody, hid from law enforcement for 22 years, and received the benefit of an early release from a prison term that he would otherwise likely still be serving, the United States does not think a further modification of Defendant's sentence is appropriate at this time." (*Id.* 2:15–18.) Probation has not opposed the

request to reduce the term of supervised release, but opposes the request to remove the travel condition. (*See* Mot. 18:1–11.)

## II.   ANALYSIS

Mr. Esposito's motion falls under 18 U.S.C. § 3583(e). This provision provides:

> **Modification of conditions or revocation.**—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . ; [or]
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . . .

18 U.S.C. § 3583(e)(1)–(2). The incorporated § 3553(a) factors for the court to weigh are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant has the burden to convince the court that a modification to supervised release is warranted. *See United States v. Weber*, 451 F.3d 552, 559 n.9.

(9th Cir. 2006).  "Consistent with a district court's broad discretion in imposing terms of supervised release, the language of § 3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate" or modify the conditions of supervised release.  *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Mr. Esposito helpfully briefs many of the relevant § 3553(a) factors that the Court must consider.  (*See* Mot. 4:18–17:27.)  On balance, having considered these factors, the Court concludes the requested reduction is appropriate.  In particular, the Court finds a lifetime term of supervised release is unnecessary to deter future criminal conduct.  Nor does Mr. Esposito pose a danger to the public.  And by this point, his risk of recidivism is minimal.  Moreover, there is no need here to provide restitution to victims or for Mr. Esposito to receive additional treatment.  Mr. Esposito also emphasizes that "the standard term of supervised release imposed" for his conduct "now is five years."  (Mot. 15:20–22.)  The Court agrees that a reduction to a five-year term serves the ends of justice in this case.  *See United States v. Cunningham*, No. 05-CR-2137-LAB, 2014 WL 3002207, at *2 (S.D. Cal. July 1, 2014) (granting a defendant's opposed motion for early termination of supervised release and further noting that "[a]t some point, once justice has been served, the system must take care to avoid erecting roadblocks that might prevent an offender from reintegrating into society and becoming a productive and useful citizen again").  The Court also finds a reduced term "would permit U.S. Probation to focus resources in other areas of need."  *See United States v. Vidriezca-Guzman*, No. 1:05-CR-00124-BLW, 2012 WL 3067470, at *1 (D. Idaho July 26, 2012); *see also United States v. Hamlin*, No. LA CR 10-00684-VBF, 2014 WL 11737321, at *5 (C.D. Cal. Sept. 18, 2014).  The Government's opposition does not convince the Court otherwise.

That said, the Court is unmoved by Mr. Esposito's request to remove the travel condition from his supervised release.  He does not meet his burden to demonstrate why he should be relieved from this standard condition.  Rather, if Mr. Esposito attempts to obtain the approval of Probation to travel internationally, and he is

refused, he can return to the Court and make the request for travel directly to the Court.

In sum, having weighed the relevant factors under § 3553(a), the Court finds Mr. Esposito has met his burden to demonstrate a reduction in his term of supervised release is warranted. The Court is unpersuaded, however, by his request to remove the travel condition from his supervised release. The Court will thus grant in part Mr. Esposito's motion.

### III.   CONCLUSION

For foregoing reasons, the Court **GRANTS IN PART** Mr. Esposito's motion to modify his term and conditions of supervised release (ECF No. 18). The Court **REDUCES** Mr. Esposito's term of supervised release from a lifetime term to a five-year term. Further, the Court **DENIES** Mr. Esposito's request to remove the travel condition from his supervised release. If Mr. Esposito attempts to obtain the approval of Probation to travel internationally, and he is refused, he can return to the Court and make the request for travel directly to the Court. The Court's order applies to Mr. Esposito's concurrent sentences in both this case (No. 87-cr-395, ECF No. 7) and the related case (No. 87-cr-270, Dkt. No. 19).

**IT IS SO ORDERED.**

DATED: September 9, 2020

Hon. Cynthia Bashant
United States District Judge